```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            LAREDO DIVISION


INTERNATIONAL BANCSHARES            §
CORPORATION d/b/a INTERNATIONAL     §
BANK OF COMMERCE d/b/a IBC BANK     §
                                    §
v.                                  §    CIV. NO. 5:15-cv-172
                                    §
PAOLA OCHOA, On Behalf of           §
Herself and All Others Similarly    §
Situated                            §
```

## MEMORANDUM AND ORDER

Pending before the Court is International Bancshares Corporation's (IBC) "Motion to Stay Arbitration, or in the Alternative, Grant Expedited Relief" filed on August 24, 2015. (Dkt. 2.) For reasons stated below, this Motion will be denied.

## Background

On June 8, 2015, an arbitrator granted Defendant Paola Ochoa an award of Conditional Certification. The arbitrator ordered IBC to produce contact information of all sales associates who may wish to opt into the arbitration by August 24, 2015. On August 21st, 2015, IBC filed a Motion to Vacate the arbitrator's award of Conditional Certification. IBC then filed the pending Motion to Stay the arbitration proceedings until this Court rules on IBC's Motion to Vacate.

## Motion to Stay

Generally, "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." Howsam v. Dean Witter Reynolds, Inc., 123 S. Ct. 588, 592 (2002) (internal quotations omitted). The Federal Arbitration Act contains no provision allowing a court to stay an ongoing arbitration. Tai Ping Ins. Co., Ltd. v. M/V Warschau, 731 F.2d 1141, 1144 (5th Cir. 1984). "[O]nly the most exceptional circumstances will justify any action . . . that serves to impede arbitration of an arbitrable dispute. Dahiya v. Talmidge Intern., Ltd., 371 F.3d 207, 216 (5th Cir. 2004) (quoting Tai Ping, 731 F.2d at 1146). These exceptional circumstances include when a claim is not arbitrable at all. PoolRe Ins. Corp. v. Organizational Strategies, Inc., 2013 WL 3929077, at *9 (S.D. Tex. July 29, 2013)(Miller, J.)(citing Tai Ping, 731 F.2d at 1147).

In this case, IBC does not argue that the claim against it is not arbitrable. Rather, IBC argues that not staying the arbitration would force IBC to "engage in costly discovery and a class arbitration to which it did not consent." This harm is too attenuated to be considered an "exceptional circumstance" allowing for a stay. The only specific harm IBC claims will occur is that it will have to gather and disclose contact information for a large number of employees by August 24, 2015.

2/4

This deadline has passed, and it is unclear whether IBC has even complied.  If IBC wishes to change this deadline or reduce the burden of discovery in some way, it should move the arbitrator to do so.  The same goes for staying the arbitration.  The arbitrator, not this Court, controls the arbitration proceeding.  Procedural issues such as granting a stay are normally the arbitrator's decision as part of his control over the proceedings before him.  Therefore, the Court will not stay the arbitration.

## Motion to Grant Expedited Relief

 IBC alternatively asks the Court to expedite the time Ochoa has to respond to its Motion to Vacate.  A motion to vacate an arbitration award is a serious motion.  The relationship between arbitration proceedings and the courts has been long debated, and any attempt to involve a court in an arbitration proceeding necessarily requires the interpretation and application of a vast array of complex case law.  Yet IBC asks the Court to rush Ochoa's response, as if the response is not that important.  It is in the best interest of both parties, as well as the Court, for Ochoa to have adequate time to file a reasoned, thorough response to IBC's motion.

## CONCLUSION

Accordingly, IBC's "Motion to Stay Arbitration, or in the Alternative, Grant Expedited Relief" is DENIED.

DONE at Laredo, this 28th day of August, 2015.

_____
George P. Kazen
Senior United States District Judge